[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10939
Non-Argument Calendar

_____

Agency Nos. A94-000-463
A94-000-464

ANTHONY MICHAEL AKAPO,
EUGENIA CECILIA AKAPO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 5, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioners Anthony Michael Akapo ("Akapo") and his wife, Eugenia Cecilia Akapo, are natives and citizens of Sierra Leone. They seek review of the decision of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") ordering their removal and denying them withholding of removal under the Immigration and Nationality Act ("INA").[1] They argue that the IJ and Board erred in finding that they failed to establish eligibility for asylum and withholding of removal because Akapo established past persecution, a well-founded fear of future persecution, and proved that it is more likely than not that he would be persecuted if returned to Sierra Leone.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted). Here, the BIA adopted the IJ's opinion to the extent that it set out Akapo's testimony and the other evidence in the record. Accordingly, we will review the BIA's decision except to the extent that the IJ's decision set out the facts. See id.

---

[1] The BIA also affirmed the IJ's decision denying Petitioners relief under the U.N. Convention Against Torture. Petitioner's brief to us makes no argument regarding the denial of CAT relief; hence, we treat as abandoned any argument they may have regarding such relief. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that when a party fails to offer argument on an issue, that issue is abandoned).

We review a BIA's factual determinations under the highly deferential substantial evidence test and "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). We may reverse a finding of fact by the BIA "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We review the BIA's legal determinations de novo. Lopez v. U.S. Att'y Gen., 504 F.3d 1341, 1344 (11th Cir. 2007).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving that he qualifies as a "refugee." 8 C.F.R. § 208.13(a). To meet this burden, "the

3

applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007).

"An applicant who has demonstrated past persecution is presumed to have a well-founded fear of future persecution." Id. at 1257; 8 C.F.R. § 208.13(b)(1). The presumption can be rebutted by a showing that "there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" or the "applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(I).

To establish a well-founded fear of future persecution, the applicant "need only show that there is a reasonable possibility of suffering such persecution if he or she were to return to that country." Mejia, 498 F.3d at 1256 (quotation and alteration omitted). The applicant must establish a fear that is both "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." Id. "[T]he objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Id. (quotation omitted). An applicant must establish a nexus between a statutorily protected ground and the feared persecution and can do so by

4

presenting "specific, detailed facts showing a good reason to fear that he or she will be <u>singled out</u> for persecution on account of" such ground. <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1231 (11th Cir. 2005). An applicant does not have to prove he would be singled out if he can establish a pattern or practice of persecution of a group of which he is a member. 8 C.F.R. § 208.13(b)(2)(iii). "Once the applicant makes an initial showing of fear of future persecution, the government may rebut the applicant's evidence by demonstrating, based upon a preponderance of the evidence, that the applicant could avoid future persecution by relocating within the country if, under all the circumstances, it would be reasonable to expect the applicant to do so." <u>De Santamaria v. U.S. Att'y Gen.</u>, 525 F.3d 999, 1008 (11th Cir. 2008) (quotation omitted).

An alien is entitled to a withholding of removal if the Attorney General decides that the "alien's life or freedom would be threatened . . . because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241, 8 U.S.C. § 1231(b)(3)(A), 8 C.F.R. § 208.16(b). An alien bears the burden to show that it is "more likely than not she will be persecuted or tortured upon being returned to her country." <u>Sepulveda</u>, 401 F.3d at 1232 (quotation omitted). This standard is more stringent than the "well-founded fear" standard for asylum. <u>Id.</u>

5

Like in asylum claims, an alien who shows past persecution is entitled to a presumption that his or her life or freedom would be threatened upon removal, subject to rebuttal by the INS. 8 C.F.R. § 208.16(b)(1); Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1264 (11th Cir. 2004). The INS can rebut the presumption if it shows by a preponderance of the evidence that (1) the country conditions have changed so that the alien's life or freedom would not be threatened upon removal; or (2) the alien can avoid the future threat by relocating to another part of the country, and such relocation is reasonable. 8 C.F.R. § 208.16(b)(1)(I); Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). "An alien who has not shown past persecution, though, may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country." Mendoza, 327 F.3d at 1287; 8 C.F.R. § 208.16(b)(2). An alien may also sustain his burden of proof if he establishes that there is a pattern or practice of persecution of a group with which he is connected. 8 C.F.R. § 208.16(b)(2). "If an applicant is unable to meet the well-founded fear standard for asylum, she is generally precluded from qualifying for either asylum or withholding of deportation." Sepulveda, 401 F.3d at 1232-33 (quotation and alterations omitted).

We previously have addressed situations where the decision maker failed to make a reasoned decision. In those cases, we vacated the decision and remanded the case for further consideration. See Tan v. U.S. Att'y Gen., 446 F.3d 1369,

6

1375-77 (11th Cir. 2006); Mezvrishvili v. U.S. Att'y Gen., 467 F.3d 1292, 1295-97 (11th Cir. 2006). In Tan, we held, in a withholding of removal context, that the IJ failed to give reasoned consideration or to make adequate findings for three reasons: (1) the IJ misstated the contents of the record; (2) the IJ found Tan credible but failed to explain why it did not credit a certain portion of her testimony; and (3) a portion of the IJ's reasoning did not respond to any argument in the record. 446 F.3d at 1373, 1375-76 (reviewing the IJ's decision because the BIA affirmed without opinion). We held that "[t]he Immigration Judge failed to render a reasoned decision in consideration of Tan's credible testimony and other evidence she submitted" and concluded that we were unable to review the IJ's decision because the findings were "inadequate." Id. at 1377. Therefore, we granted the petition for review, vacated the BIA's decision, and remanded the case for further proceedings. Id.; see also Mezvrishvili, 467 F.3d at 1295 (stating, in an asylum context, that "[w]hen the BIA or the Immigration Judge has failed to give reasoned consideration or make adequate findings, we remand for further proceedings because we are unable to review the decision" (quotations and citation omitted)).

In this case, the BIA apparently overlooked record evidence, which caused it to misstate the record and reach an inaccurate, or insufficiently explained, decision. The BIA assumed that Akapo suffered past persecution, but concluded that the changed country conditions in Sierra Leone rebutted the presumption that he had a

7

well-founded fear of future persecution. In so doing, the BIA stated that "there is no indication in the record that former RUF [Revolutionary United Front] rebels continue to target those whom they believed were their enemies." However, Akapo presented letters sent by former RUF members after the end of the civil strife in Sierra Leone which threatened him with death. Because the existence of the death threats directly contradicts the BIA's conclusion that there was no such evidence in the record, we hold that the BIA failed to render a reasoned decision, grant the petition, and remand the case to the BIA for further consideration.

PETITION GRANTED; CASE REMANDED FOR FURTHER CONSIDERATION.